[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The court-appointed attorney for the defendant-appellant, Kenneth Jordan, has filed a no-error brief in this appeal from the trial court's order determining Jordan to be a sexual predator under the criteria set forth in R.C. 2950.09(B)(2). At the time of the hearing below, Jordan was serving a prison sentence of eighteen months for gross sexual imposition upon a victim identified in the record as between the age of ten and twelve. The incident occurred as Jordan was supposed to be watching the victim for the victim's mother.
The parties have mutually assumed that this case falls under the authority of Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1369, mandating our independent review. This court has previously held that the Anders procedure is inapposite in postconviction proceedings due to their civil nature and the absence of a constitutional or statutory right to counsel. Statev. Hall (Oct. 10, 1997), Hamilton App. No. C-960772, unreported. Because neither party has raised the issue, we do not address today, but reserve for future determination, whether our analysis in Hall should apply also in the context of a civil appeal from a sexual-predator determination.
Proceeding, then, to an independent review of the evidence, we note, as Jordan's counsel conceded at the hearing, that he had a prior conviction for gross sexual imposition involving a minor. Jordan did not complete a prison sexual-offender program for that offense. In addition, Jordan has a criminal record that includes juvenile charges and adult charges involving breaking and entering, marijuana citations, domestic violence, and permitting drug abuse in a vehicle. The trial court also found that Jordan had a history of alcohol and drug abuse. In his favor, while serving his current sentence, Jordan did complete a mandatory prison sexual-offender program (which, however, he described as "boring") and an alcohol-treatment program.
Based upon our independent review of the record, we hold that the trial court could have found by clear and convincing evidence that Jordan is a sexual predator. R.C. 2950.09(B)(3); see In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368,481 N.E.2d 613, 620. However, because the trial court lacked the statutory authority to order the Sheriff of Hamilton County to obtain certain information from Jordan because he remained incarcerated in a state correctional institution, the January 22, 1999, entry ordering such "processing" is vacated. R.C.2950.03(A)(1) and (C)(1).
Therefore, the judgment of the trial court adjudicating Jordan a sexual predator is affirmed, but the entry requiring the sheriff to process Jordan is vacated.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann and Shannon, JJ.
RAYMOND E. SHANNON, retired, from the First Appellate District, sitting by assignment.
GORMAN, Presiding Judge.